# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **PRESTON C. EVERETT,** | : | CIVIL ACTION NO. 1:13-CV-0264 |
| Petitioner, | : | (Judge Conner) |
| v. | : | |
| **WARDEN MONICA RECKTENWALD, et al.,** | : | |
| Respondent | : | |

## MEMORANDUM

Presently before the court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. 1) filed by petitioner Preston C. Everett ("Everett"), a federal inmate incarcerated at the Federal Correctional Institution at Allenwood, White Deer, Pennsylvania. Preliminary review of the petition has been undertaken, see R. GOVERNING § 2254 CASES R.4[1], and, for the reasons set forth below, the petition will be dismissed for lack of jurisdiction.

## I. Background

"Preston Cornelius Everett was found guilty of conspiracy to possess with intent to distribute five kilograms or more of cocaine (Count 1) and possession of a firearm in furtherance of a drug trafficking crime (Count 2) [in the United States District Court for the Eastern District of Virginia]. The Government timely filed notice under 21 U.S.C. § 851 (2000) that it would be seeking an enhanced sentence

---

[1]These rules are applicable to petitions under 28 U.S.C. § 2241 in the discretion of the court. See R. GOVERNING § 2254 CASES R.1(b)

in Count 1 because of Everett's prior Virginia felony conviction for possession of cocaine. The court sentenced Everett to the mandatory minimum sentence of twenty years, based on his prior Virginia drug felony under 21 U.S.C.A. § 841(b)(1)(A) (West 2000 & Supp. 2005) for Count 1 and to sixty months consecutively on Count 2." U.S. V. Everett, 164 F. App'x 392, 393 (4th Cir. 2006). His conviction was affirmed on appeal. Id.

In 2007, he unsuccessfully sought relief pursuant to 28 U.S.C. § 2255. U.S. v. Everett, 235 F. App'x 95, 96 (4th Cir. 2007). Thereafter he filed a motion to reconsider an order of the district court treating a "Motion to Dismiss Count One of Superseding Indictment" as a successive motion under 28 U.S.C. § 2255, which was denied. U.S. v. Everett, 399 F. App'x 833, 834 (4th Cir. 2010). His appeal of this order was dismissed. Id. He recently filed a "Motion to Correct" in the district court, which was construed as a successive motion under 28 U.S.C. § 2255, and was dismissed for failure to first obtain authorization from the court of appeals to file a successive § 2255. U.S. v. Everett, 487 F. App'x 120, 121 (4th Cir. 2012). His appeal to the Fourth Circuit was dismissed. Id.

The instant petition was filed on February 4, 2013. Everett is claiming that 28 U.S.C. § 2255 provides an inadequate or ineffective remedy to test the legality of his detention and, therefore, "invokes the savings clause provision to obtain relief based on the substantive change in law by the Supreme Court in Carachuri-Rosendo v. Holder, 130 S.Ct. 2577, 2587 n. 12, [ ] (2010), and Simmons v. U.S., 130 S.Ct. 3455 (2010), and the Fourth Circuit in United States v. Simmons, 649 F.3d 247

2

(4th Cir. 2011) (en banc).  (Doc. 1, at 2.)  He urges the Court to "modify his sentence by subtracting ten (10) years."  (Id. at 8.)

## II. Discussion

Challenges to the legality of federal convictions or sentences that are allegedly in violation of the Constitution may generally be brought only in the district of sentencing pursuant to 28 U.S.C. § 2255.  Okereke v. United States, 307 F.3d 117 (3d Cir. 2002) (citing Davis v. United States 417 U.S. 333, 342 (1974)); see In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997).  Once relief is sought *via* section 2255, an individual is prohibited from filing a second or subsequent 2255 petition unless the request for relief is based on "newly discovered evidence" or a "new rule of constitutional law."  28 U.S.C. § 2255.

Further, such claims may not be raised in a § 2241 petition except in unusual situations where the remedy by motion under § 2255 would be inadequate or ineffective.  See 28 U.S.C. § 2255; see Dorsainvil, 119 F.3d at 251-52.  Importantly, §2255 is not "inadequate or ineffective" merely because the sentencing court has previously denied relief.  See id. at 251.  Nor do legislative limitations, such as statutes of limitation or gatekeeping provisions, placed on § 2255 proceedings render the remedy inadequate or ineffective so as to authorize pursuit of a habeas

3

corpus petition in this court.[2] Cradle v. United States, 290 F.3d 536, 539 (3d Cir. 2002); United States v. Brooks, 230 F.3d 643, 647 (3d Cir. 2000); Dorsainvil, 119 F.3d at 251. If a petitioner improperly challenges a federal conviction or sentence under section 2241, the petition must be dismissed for lack of jurisdiction. Application of Galante, 437 F.2d 1154, 1165 (3d Cir. 1971).

Although petitioner's claims fall within the purview of § 2255, he has failed to seek permission to file a second or successive § 2255 motion as required by 28 U.S.C. § 2244(b)(3)(A), prior to proceeding in this court. In fact, his most recent motion filed in the sentencing court was denied based on Everett's failure to seek permission to file a second or successive § 2255. He has made no showing that § 2255 is inadequate or ineffective to test the legality of his conviction and sentence. Further, the remedy afforded under § 2241 is not an additional, alternative, or

---

[2]The gatekeeping requirement, 28 U.S.C. § 2255(h), states:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

4

supplemental remedy to that prescribed under § 2255. Consequently, the petition will be dismissed for lack of jurisdiction.

An appropriate order will issue.


    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge


Dated:       February 14, 2013

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **PRESTON C. EVERETT**, | : | CIVIL ACTION NO. 1:13-CV-0264 |
| | : | |
| Petitioner, | : | (Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| **H.L. HUFFORD**, **WARDEN**, | : | |
| | : | |
| Respondent | : | |

## **ORDER**

AND NOW, this 14th day of February, 2012, upon consideration of the petition for writ of habeas corpus (Doc. 1), and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that:

1. The petition for writ of habeas corpus (Doc. 1) is DISMISSED for lack of jurisdiction.

2. The motion to proceed in forma pauperis (Doc. 2) is GRANTED for the sole purpose of the filing of this action.

3. The Clerk of Court is directed to CLOSE this case.

       S/ Christopher C. Conner  
       CHRISTOPHER C. CONNER  
       United States District Judge